**Rafael TORRES–OTAMENDI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72141.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Dec. 22, 2010.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner.

Oil, Michael Christopher Heyse, Trial, DOJ – U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District, Esquire, Office of the District Counsel Department of Homeland Security, Seattle, WA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and THOMAS, Circuit Judges.

MEMORANDUM **

Petitioner Rafael Torres–Otamendi, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's denial of asylum and withholding of removal because, even though he credibly testified, Torres–Otamendi failed to show any threats to him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854–56 (9th Cir.2009); *Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

Substantial evidence also supports the IJ's denial of CAT relief based on the Board's finding that Torres–Otamendi did not establish a likelihood of torture by, at

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the instigation of, or with the consent or acquiescence of the Mexican government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**